UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **KELLY SUMMERS,** | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. V-06-95 |
| | § | |
| **NATHANIEL QUARTERMAN, Director** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is Kelly Summers' Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Respondent filed his Motion to Dismiss (Dkt. #13), arguing that Summers' habeas petition should be dismissed because it is time-barred by the applicable statute of limitations. For the reasons provided below, the court will GRANT the Respondent's motion to dismiss.

### Procedural History

Summers was indicted for evading arrest with a motor vehicle. *State v. Summers*, No. CR-03-174 (25th District Court Colorado County, Texas). The indictment also alleged that Summers used and exhibited a deadly weapon during the commission of the offense, to wit: a motor vehicle. *Ex parte Summers*, Appl. No. 61,268-01, p. 28. On February 20, 2004, Summers entered into a plea agreement whereby the prosecutor would dismiss two aggravated assault indictments arising out of the same incident in exchange for Summers' guilty plea to evading arrest with a motor vehicle, including the deadly weapon enhancement. *Id.* at 29. The plea agreement also recommended 180 days in jail for a terroristic threat charge and the forfeiture of Summers' rifle seized on the day of his arrest. *Id.* The court accepted the plea agreement and sentenced Summers

to 10 years imprisonment on April 2, 2004. *Id*. at 34.

Summers filed an appeal to the Tenth Court of Appeals, which was dismissed on October 6, 2004, *Summers v. State*, No. 10-04-00180-CR (Tex. App.-Waco). *Id.* at 2. The court overruled Summers' motion for rehearing on November 2, 2004. *Summers v. State*, 2004 WL 2251610 (Tex. App.-Waco 2004). Thereafter, the Tenth Court of Appeals issued a mandate on January 31, 2005. *Id.* (docket sheet). Summers did not petition the Texas Court of Criminal Appeals for discretionary review. Instead, on December 28, 2004, he filed a state habeas application attacking his conviction. *Ex parte Summers*, at 1. The Texas Court of Criminal Appeals denied his application without written order on the findings of the trial court without a hearing on September 28, 2005. *Id.* at cover. Summers filed the instant federal habeas application on September 25, 2006.

**Analysis**

The determination of whether Summers' habeas petition is time-barred requires the court to consider whether the applicable statute of limitations began to run from the date the court of appeals overruled Summers' motion for rehearing or the date on which it issued the mandate. Summers argues that no days should be counted against the AEDPA's one-year statute of limitations provision because the Tenth Court of Appeals did not issue its mandate until January 31, 2005, by which time he had already filed his state habeas petition tolling the statue of limitations. Respondent contends that 26 days had run against the statute of limitations when Summers filed his state habeas application. Twenty six days represents the number of days between the time the court of appeals denied Summers' motion for rehearing on November 2, 2004 and the time he filed his state habeas petition on December 28, 2004.

All habeas petitions filed after April 24, 1996 are subject to the Antiterrorism & Effective Death Penalty Act ("AEDPA"). *Kiser v. Johnson*, 163 F.3d 326, 327 (5th Cir. 1999). The relevant

provision of the AEDPA provides that the one-year limitation period shall run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Fifth Circuit addressed the precise issue confronting this court in *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). In *Roberts*, the petitioner took the same steps procedurally as Summers. He sought appeal from the court of appeals, which affirmed his conviction and overruled his motion for rehearing. *Id.* at 691. He did not file a petition for discretionary review with the Texas Court of Criminal Appeals, but instead filed a state habeas application. *Id.* After his federal habeas petition was dismissed as time-barred, he argued that the time did not start running against the statute of limitations until the court of appeals issued its mandate, approximately two months after it had overruled his motion for rehearing. *Id*. at 692.

In rejecting this argument, the Fifth Circuit recognized that, under Texas law, a direct appeal is final when the mandate from the court of appeals issues, *Ex parte Johnson*, 12 S.W.3d 472 (Tex. Crim. App. 2000), but noted that "when interpreting the statutory language of 28 U.S.C. § 2244(d)(1)(A), we are not bound by the state law's definition of finality." *Id.* at 693. When a conviction becomes final by "the expiration of the time for seeking such review," the Fifth Circuit held "[i]f the defendant stops the appeals process before [the conclusion of direct review], the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. at 694. In other words, for purposes of finality under the AEDPA one-year limitation period, the statute of limitations begins to run when the 30 day period for filing a petition for discretionary review in state court expires. *Id.*; TEX. R. APP. P. 68.2(a). Specifically, the Fifth Circuit held "[b]ecause the decision became final when the time for seeking further direct review expired, the issuance of the mandate by the state court of appeals is of no consequence for the purpose of § 2244(d)(1)(A)." *Id*. at 694-95.

Under *Roberts*, the court finds that the date the Tenth Court of Appeals issued its mandate on January 31, 2005 was of no consequence. The relevant date for purposes of the AEDPA statute of limitations is the date on which the Tenth Court of Appeals overruled Summers' motion for rehearing on November 2, 2004. Because Summers opted not to file a petition for discretionary review with the Court of Criminal Appeals, the statute of limitations began to run on December 2, 2004, the date upon which his conviction became final. On December 28, 2004, Summers filed his state habeas application, tolling the statute of limitations. See 28 U.S.C. § 2244(d)(2) ("[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.").

The intervening 26 days, however, counted against the one-year statute of limitations. When the Court of Criminal Appeals denied his application for habeas on September 28, 2005, the limitations period once again began to run. Thus, Summers had until September 28, 2006 minus 26 days to file his federal habeas application, that is he had until September 2, 2006 to file. Therefore, because he did not file his § 2254 application until September 25, 2006, his petition is time-barred.

## Certificate of Appealability

A certificate of appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong." *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The court has determined that Summers has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable; therefore, a certificate of appealability from this decision will not be issued.

## Conclusion

The court ORDERS the following:

1. This petition for a writ of habeas corpus is DISMISSED, with prejudice.

2. Respondent's motion to dismiss (Dkt. #13) is GRANTED.

3. A Certificate of Appealability is DENIED.

It is so ORDERED.

SIGNED this 2nd day of August, 2007.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE